## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICK COLLNS, INC.** | |
| *Plaintiff*, | |
| **v.** | **Civil Action No. 12-1391 (ESH)** |
| **John Does 1–11,** | |
| *Defendants.* | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (August 23, 2012 [Dkt. No. 4]).  The Court will grant plaintiff's motion in part.[1]  Plaintiff may serve Rule 45 subpoenas seeking subscribers' identifying information on each of the Internet Service Providers ("ISPs") listed on Exhibit B to plaintiff's motion, but, pursuant to *Malibu Media, LLC v. John Does 1–16*, No. 12-cv-0235 (RLW), 2012 WL 1681819 (D.D.C. April 11, 2012), the Court "will order the ISPs to provide notice to their subscribers at least 10 days prior to disclosure to Plaintiff, which would allow any of the John Does an opportunity to object or intercede, as this is the best compliance that can be achieved [in the circumstances] under Rule 45(b)(1)."  *Id.* at *2.  Furthermore, as Judge Wilkins "note[d]," plaintiff's proposed order "contains several findings that the Court is not inclined to rule upon at this time."  *Id.*  "Specifically, . . . the Court will not make any finding with regard to any fees the ISPs may charge in connection with providing the subpoenaed information."  *Id.*

---

[1] Plaintiff's Motion for Expedited Hearing (September 24, 2012 [Dkt. No. 5]) is therefore **DENIED AS MOOT**.

Therefore, it is hereby **ORDERED** that:

1.      Having established that good cause exists for it to serve third party subpoenas on the ISPs listed on Exhibit B to its Motion, plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide plaintiff with the true name, address, telephone number, email address, and Media Access Control ("MAC") address of the defendant to whom the ISP assigned an IP address as set forth on Exhibit A.  *See Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332, 350–353 (D.D.C. 2011) (applying the five-part test originally explicated in *Sony Music Entertainment v. Does 1–40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004), and approved in *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010), in concluding that good cause existed for a similar subpoena to issue).  Plaintiff shall attach to any such subpoena a copy of this Order.

2.      Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the defendants.

3.      Ten days prior to the disclosure of identifying information, each of the ISPs shall give notice to each subscriber identified in response to a subpoena.

4.      If any particular defendant has been voluntarily dismissed, then any motion filed by said defendant objecting to the disclosure of his or her identifying information is hereby denied as moot.  Notwithstanding the foregoing, the applicable ISP shall withhold the moving defendant's identifying information from plaintiff unless and until plaintiff obtains a subsequent court order authorizing the disclosure.

5.      Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing plaintiff's rights as set

forth in its complaint.

**SO ORDERED.**

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:   September 28, 2012